IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **NATALIE E. SMITH,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 11 C 3043 |
| **FUSION MEDICAL SPA, S.C./SYNERGY INSTITUTE,** | ) ) ) |
| Defendant. | ) ) ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Natalie Smith filed a three-count complaint against defendant Fusion Medical Spa, S.C. ("Fusion")[1] for discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"). Plaintiff's complaint also alleged that defendant illegally terminated Smith's employment in violation of the Illinois Whistleblower Act, 740 ILCS 174/1, *et seq.* ("IWA"). Defendant moved for summary judgment on the basis that Fusion is not an "employer" as defined by 42 U.S.C. § 12111(5)(A), and I gave plaintiff leave to conduct discovery related to defendant's motion. The parties have now completed their briefing, which shows that there is no genuine issue of material fact as to

---

[1] Plaintiff named a single defendant, "Fusion Medical Spa, S.C./Synergy Institute," in her complaint, even though Fusion Medical Spa, S.C. and Synergy Institute, S.C. are two separately incorporated entities. For purposes of this motion, I have considered Fusion to be the only named defendant.

defendant's status as an ADA "employer" and that plaintiff cannot establish this critical element. Accordingly, I grant defendant's motion for summary judgment and dismiss plaintiff's pendent state law claim for lack of subject matter jurisdiction.[2]

I.

Plaintiff was hired by defendant Fusion Medical Spa, S.C. ("Fusion") in late 2007. Plaintiff suffers from Primary Immune Deficiency, Common Variable ("PID"), and as a result must take time off of work every three to four weeks to receive transfusions of a blood product immunoglobulin plasma. As a result of her PID, plaintiff is also more susceptible to infections and certain illnesses, particularly when she is experiencing stress. Plaintiff became ill in March 2008 and was forced to leave her position until about May 2008. Plaintiff's employment was terminated October 2008.

Dr. Jennifer Wise is a chiropractic doctor and owns Fusion with Patricia Chiamas, M.D., a medical doctor. Fusion provides esthetic and cosmetic medical spa procedures. Wise is the president and a fifty percent shareholder of Fusion. Wise is also the registered agent for Fusion. Chiamas is the vice-president and secretary of Fusion and is the other fifty percent shareholder. Wise and Chiamas founded Fusion in 2006, which is

---

[2] Defendant's motion to strike is denied as moot.

incorporated under Illinois law. Fusion's office is located at 2011 S. Washington St., Naperville, IL. Fusion employed between 5 and 12 individuals at any one time during the period of plaintiff's employment there.

Wise is also the founder and sole owner of Synergy Institute, S.C. ("Synergy"). Synergy is a chiropractic and physical therapy center. Synergy was incorporated under Illinois law in 2000. Synergy's office is also located at 2011 S. Washington St., Naperville, IL, and shares a common area with Fusion.

## II.

Summary judgment is granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). I must view all facts and reasonable inferences in the light most favorable to the nonmoving party. *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 683 (7th Cir. 2010). However, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Defendant argues that it is not an "employer" under the ADA because it did not employ fifteen or more employees for twenty or

more calendar weeks in 2007 or 2008. See 42 U.S.C. § 12111(5)(A). Plaintiff does not dispute this but argues that she should be allowed to count the employees of Synergy toward the fifteen employee minimum. Aggregating the employees of the two corporations would raise the number of employees to just above the ADA's threshold.

Defendant counters that there is no cause to aggregate Fusion and Synergy employees under *Papa v. Katy Indus., Inc.*, 166 F.3d 937 (7th Cir. 1999). In *Papa*, the Seventh Circuit held that there are three situations in which the existence of an affiliate relationship might vitiate the exemption of small employers from the anti-discrimination laws: (1) "where, the traditional conditions [are] present for 'piercing the veil' to allow a creditor, voluntary or involuntary, of one corporation to sue a parent or other affiliate"; (2) where "an enterprise ... split[s] itself up into a number of corporations, each with fewer than the statutory minimum number of employees, for the express purpose of avoiding liability under the discrimination laws"; or (3) where "the parent corporation might have directed the discriminatory act, practice, or policy of which the employee of its subsidiary was complaining." 166 F.3d at 940-41. The Seventh Circuit also stressed that in each of the three scenarios, the issue is whether the affiliate was the real decision maker. *Id.* at 941.

4

Instead of arguing that one of the *Papa* exceptions applies in this case, plaintiff insists that *Papa* endorsed a test including no less than eighteen factors and that the four-factor "integrated enterprise" test is determinative in this case. However, the holdings of *Papa* were clear: The Court rejected the four-factor "integrated enterprise" test in lawsuits arising under the anti-discrimination laws, and aggregation of employees is only appropriate where one of the three enumerated situations applies. *See Worth v. Tyer*, 276 F.3d 249, 260 (7th Cir. 2001) ("this Circuit no longer applies the 'integrated enterprise' test" to cases involving anti-discrimination laws).

The facts, even when taken in the light most favorable to plaintiff, reveal that aggregation of Fusion and Synergy employees is not appropriate. Plaintiff has not shown that conditions exist for piercing the corporate veil. To do so, plaintiff would have to show that there is "such unity of interest and ownership [between Fusion and Synergy] that the separate personalities ... no longer exist" and that "adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Worth*, 276 F.3d at 260 (quoting *Van Dorn Co. v. Future Chem. & Oil Corp.*, 753 F.2d 565, 569-70 (7th Cir. 1985)). In Illinois, there is sufficient unity of interest when corporations (1) fail to maintain adequate corporate records or to comply with corporate formalities, (2) commingle funds or

5

assets, (3) undercapitalize, or (4) treat the assets of another as their own. *Macrito v. Events Exposition Services Inc.*, No. 09 C 7371, 2011 WL 5101712, at *4 (N.D.Ill. 2011) (Norgle, J.) (citing *Hystro Products, Inc. v. MNP Corp.*, 18 F.3d 1384, 1389 (7th Cir. 1994)).

Plaintiff does not allege any facts showing that Fusion and Synergy commingled funds, that Fusion was undercapitalized, or that Synergy treated Fusion's assets as its own. Further, the evidence provided by both sides supports the conclusion that Fusion and Synergy were properly incorporated as separate entities and were maintained as such. Plaintiff argues that there was unity of interest because Wise was president and part-owner of Fusion and president and sole owner of Synergy, plaintiff's health insurance was provided through a Synergy policy, part of plaintiff's job responsibilities included cross-selling Synergy services, and the two corporations shared physical space, telephone lines, letterhead, accountants and some employees. These are the type of small-employer characteristics that were rejected by *Papa* as reasons for aggregating employees. *Papa* recognized that affiliated corporations do not need to "erect[] a Chinese wall" between them in order to avoid being responsible for the other's debts or torts. 166 F.3d at 943. The Seventh Circuit gave a number of examples of the ways corporations may integrate and still fall under the small-

6

employer exemption: shared accounting and payroll, pooling of employee benefits, and common ownership. *Id.* at 942; *see also Macrito*, 2011 WL 5101712, at *4 (refusing to aggregate employees under *Papa* where two corporations shared a president and payroll coordinator, operated and received phone calls out of the same address, worked on the same projects together, and held themselves out as being "sister" companies); *Wilson v. Comtrust LLC*, 249 F.Supp.2d 993, 998 (N.D.Ill. 2003) (refusing to aggregate employees under *Papa* where three entities were created by the same person and shared letterhead, an office building, employees, and an accounting firm).

    Plaintiff also appears to indirectly argue that corporate formalities were defeated by certain billing practices, or "cross-billing." However, plaintiff's affidavit fails to establish that any billing practices meet the conditions required for piercing the veil. Even taken in the light most favorable to plaintiff, her affidavit only establishes that Synergy and Fusion shared a machine used in treating patients, and that when the machine was used for weight loss treatments patients were billed for a Fusion medical spa procedure even though they were physically treated in the Synergy space. Just as sharing space, letterhead, or telephone lines do not satisfy the requisite "unity of interest," shared use of a treatment device likewise does not meet the first condition for piercing the veil.

Further, even if plaintiff were able to show that the alleged cross-billing was sufficient to satisfy the "unity of interest" requirement, she has not shown that it "sanctioned a fraud or promoted injustice." Plaintiff does not show that the practice of sharing the treatment device defrauded insurance companies, nor does she point to any evidence that would show that the shared use of the machine misled creditors. And while plaintiff claims that Wise "did this for me" and "for a guy I was dating," plaintiff fails to specify what, precisely, Wise did and what the effects were. Plaintiff has therefore failed to show that there is an issue of fact regarding conditions for piercing the veil.

As for the two other situations which, under *Papa*, would support aggregating employees, plaintiff has also failed to show that either applies here. Plaintiff has not argued or alleged any facts to show that defendant structured Fusion to avoid liability under the anti-discrimination laws. Nor has plaintiff argued or shown that Synergy was in fact the decision maker or directed the discriminatory act. To the extent that plaintiff argues that Wise, who is part-owner of Fusion and sole owner of Synergy, made all the employment decisions for Fusion, this argument does not support a conclusion that Synergy directed the allegedly discriminatory conduct. In *Papa*, the Seventh Circuit refused to aggregate employees even though a parent company had

8

the authority to order a layoff at its subsidiary and fixed the salaries of the subsidiary's employees. 166 F.3d at 939. Instead, *Papa* requires that the parent or affiliate corporation acted such that it violated the anti-discrimination law. *Id.* at 941. Plaintiff here does not allege that Wise was acting upon a Synergy policy or in her role as president of Synergy. Accordingly, plaintiff has failed to show, under *Papa*, that aggregation of Fusion and Synergy employees is appropriate.

Plaintiff's joint employer theory also fails to convince me that it would be appropriate to aggregate the employees of Fusion and Synergy. First, as stated above, *Papa* articulated the exclusive test to be used in cases like the one before me. Second, the issue of joint employment arises out of the temporary employment context, where an employment agency or staffing firm places an individual worker at a separate and unrelated work site. Plaintiff has not alleged that she was a temporary employee of Synergy. Nor has plaintiff pointed to any law or precedent to support her argument that I should apply the joint employer theory, or "economic realities test," to the question of the small-employer exemption, particularly in the absence of a temporary employment relationship.

Defendant also requests that I relinquish jurisdiction over plaintiff's state law claim pursuant to 28 U.S.C. § 1367(c)(3). "Normally, when all federal claims are dismissed before trial,

9

the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Sharp Electronics Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009) (internal quotations omitted). There are three exceptions: (1) when the statute of limitations has run on the pendent claim, preventing the plaintiff from filing a suit in state court; (2) substantial judicial resources have already been committed; or (3) when it is clear how the pendent claims should be decided. *Id.* at 514-15. None of the exceptions applies here, and I therefore decline to retain jurisdiction over plaintiff's state-law claim now that the federal claims are dismissed.

### III.

For the foregoing reasons, defendant is not an employer as defined by the ADA and defendant's motion for summary judgment is granted.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: December 9, 2011

10